## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## YORK.

### APRIL TERM,

### 1823.

---

### THOMPSON v. LINSCOTT.

Where a minor purchased lands, and for the purchase-money two of his friends of full age gave their joint note of hand, which the minor promised he would sign and pay after he should arrive at full age ; and afterward, having come to full age, he by a memorandum on the bottom of the note *acknowledged himself holden as co-surety ;*—in an action by the payee against him, as on an original promise, it was holden that the plaintiff might well shew by parol that the promise was for the defendant's own debt, and not a collateral engagement, and so no new consideration necessary to be proved.

This was an action of *assumpsit* against *Benjamin Linscott,* and came before the Court upon a motion to set aside a nonsuit.

At the trial of the issue, which was *non assumpsit,* the plaintiff read the note declared on, of the following tenor :—" *York* " *Jan.* 2, 1818. We the subscribers jointly and severally, for " value received promise to pay *Joseph Thompson, Esq.* or or- " der three hundred and forty-two dollars on demand, interest " till paid.

> *Jeremy Linscott.*
> *Samuel Linscott.*

" I acknowledge myself holden as co-surety for the payment " of the above demand of the note, witness my hand

> *Benjamin Linscott.*

" *York, April* 3, 1821."

The plaintiff then offered to prove that the true date of the note was *January* 2, 1819; on which day *Samuel Linscott* owning ten acres of land in common with *Jeremy Linscott* the defendant's father, the defendant, who was then a minor, wished to purchase it for his own accommodation;—that his father approving and recommending the bargain, the defendant then agreed to purchase the land, and *promised to pay for it*;—that the principal part of the money was agreed to be paid to the plaintiff, to whom *Samuel* was indebted, and the residue to *Samuel* himself;—that on the 19th day of *January* 1819 a deed was accordingly executed and delivered by *Samuel* to 'the defendant, who paid down fifty-eight dollars, of which the plaintiff received twenty, and *Samuel* the rest;—that the plaintiff declining to take the defendant's note, because he was a minor, his father and said *Samuel* made and signed the note declared on, the defendant promising that *he would pay the money* on the note, and *would sign it when he should come of age* ;—that the defendant entered into possession of the land under the deed, and ever since had continued to occupy it;—that during his minority he made several payments on the note ;—and that after he became of full age, in further performance of his original agreement, he made and signed the memorandum at the bottom of the note declared on.

This evidence the presiding Judge rejected, and directed a nonsuit subject to the opinion of the whole Court whether it ought to have been admitted, and if so, whether it was sufficient to maintain the action.

*Emery*, for the plaintiff.

The case shews that so far as the enjoyment of the land goes to constitute a consideration for the defendant's engagement, he has had it; and if he were not a minor there could be no doubt that he would be bound as though he had originally contracted. His minority was a personal privilege, of which he might avail himself, or not, as he might choose; and he very properly elected, when he came of age, to complete the engagement *bona fide*, which he had previously entered into, and partly performed. Any consideration, however slight, is sufficient to support a promise thus founded in justice.

As to the question whether the plaintiff might go into evidence to prove the consideration, and whether if this had been the debt of another, the contract would be void for want of *expressing* the consideration, the law on this subject has lately been settled in *Massachusetts*, in *Packard v. Richardson*, 17 *Mass.* 122. See also *Hunt v. Adams*, 6 *Mass.* 519. *Leonard v. Vredenburg*, 8 *Johns.* 23. *Ulen v. Kittredge*, 7 *Mass.* 233. *Moies v. Bird*, 11 *Mass.* 436. *White v. Howland*, 9 *Mass.* 314. *Bailey v. Freeman*, 11 *Johns.* 221. *Joscelyn v. Ames*, 3 *Mass.* 274.

*Burleigh*, for the defendant.

The written agreement of the defendant, is not sufficient to support any action whatever. It was a collateral undertaking, subsequent to the original contract, and to give it vigour there must have been a *new consideration*. *Leonard v. Vredenburg*, 8 *Johns.* 23. There was no privity between the plaintiff and defendant. *Fish v. Hutchinson*, 2 *Wils.* 94. *Charter v. Becket*, 7 *D. & E.* 201.

And the consideration should be expressed in writing, in the body of the agreement, or it is void by the statute of frauds. By the *Stat.* 29. *Car.* 2. the law was so far changed as to require that what was before proveable by parol, should in future be expressed in writing; and the reason is the same for requiring written proof of the consideration, as of the promise. *Sears v. Brink*, 3 *Johns.* 211. *Stadt v. Lill*, 9 *East.* 348. 1 *Campb.* 242. *Hunt v. Adams*, 5 *Mass.* 358. *Carver v. Warren*, 5 *Mass.* 545. *Adams v. Bean*, 12 *Mass.* 137. *Duval v. Trask*, 12 *Mass.* 154. *Bailey v. Freeman*, 11 *Johns.* 221. *Thatcher v. Dinsmore*, 5 *Mass.* 300. In *Packard v. Richardson* the Court admit that the true meaning of the word *agreement* would require that the consideration be expressed in the writing. Now the true meaning of the word is the same in popular acceptation, as in legal; and of course the decision ought to have been the same here as in *England*. In *Saunders v. Wakefield*, 4 *Barn. & Ald.* 595, in 1821, the Court were unanimous that the consideration ought to be expressed.

But independent of the statute of frauds, the parol evidence offered by the plaintiff was inadmissible, as it went to contradict, or at least to add to a written contract. The obligation of

the defendant was *expressly* as co-surety for the original prom-
isors, which the plaintiff proposed to disprove. *Roberts on
frauds*, 10, 11. 2 *Black.* 1249. 2 *P. Wms.* 420.

At the succeeding *September* term at *Alfred*, the opinion of
the Court was delivered as follows, by

Mellen C. J. By the report it appears that the plaintiff
offered to prove that *Samuel Linscott*, one of the signers of the
note declared on, in 1819 was part owner of a piece of land
in common with *Jeremy Linscott*, the other signer; and then
conveyed his part, being ten acres, to the defendant, who was
then a minor, for the price of $400;—that a part of the pur-
chase-money was paid to *Samuel Linscott*; and the note in
question given for the balance to *Thompson*, the plaintiff, to
whom *Samuel* stood indebted. The defendant being a minor,
his security would have been unavailing; and accordingly the
note was signed by *Samuel* and *Jeremy* as the friends of, and in
the nature of sureties for *Benjamin*; who, though he did not
*then* sign the note, promised that he *would sign* it, when he
should come of age, and pay it. A part of the note having
been paid by the defendant during his minority, he, *after he
became of full age*, did sign the note on the *third* of *April*, 1821,
engaging to pay the balance due upon it.—This proof was re-
jected by the Judge who presided in the trial of the cause;
and the question is, whether it was rejected properly. In de-
ciding this question, we may consider the facts in the same
manner as though they had been proved, and the inquiry then
is whether they are sufficient to maintain the present action; if
so, the nonsuit must be set aside.

The principal objection to the plaintiff's right to recover
seems to be the want of sufficient consideration to support the
defendant's promise.

It is perfectly settled, that in an action on a promissory note
by the promisee against the promisor, it is competent for him
to shew, by parol evidence, that there was no consideration
received by him, although on the face of the note a consider-
ation is expressly acknowledged to have been received. It is
equally clear that it is not necessary that the consideration of

the promise should appear on the face of the note; but it is always a subject of proof by parol evidence; as in the case of Bank notes, for instance, where the usual words " value received" are seldom, if ever, inserted. In the case before us, therefore, we perceive nothing irregular in the introduction of parol evidence to prove a consideration, by shewing the circumstances under which the note was signed in the first instance, and by the defendant, after his arrival at full age. Such proof does not tend to contradict or explain the written contract, but is offered for the express purpose of confirming and giving it effect.—It is not necessary to consider the defendant's engagement and signature in the light of a guaranty of a debt due from *Jeremy* and *Samuel Linscott*; because it appears that the defendant was the purchaser of the land, and bound in equity to pay for it; and he, in fact, has paid all the sums which have been indorsed. He was under a moral obligation to pay the note in consequence of his having received a conveyance of the land, and having engaged, during his minority, to sign and pay the note when he should arrive at full age;—and *such* an obligation is in law a good and valid consideration to support a new promise made *after* full age. This principle is too plain to require any authorities to establish its correctness.— Suppose the note in question had never been signed by *Jeremy* and *Samuel Linscott*; but that the defendant's verbal promise had been accepted by the plaintiff at the time the deed was given, and that on the *third* of *April* 1821, he had made and signed the note *alone*; why should it not bind him? Is it less binding on *him*, because two other persons had signed it a year before? It was a promise to pay a debt of his own, which he was under a moral obligation to pay, and which, while a minor, he had faithfully promised to *secure in legal form*, when legally capable of binding himself, and honestly to pay afterwards.

Neither is the defendant's promise within the operation of the statute of frauds; because it was not a promise to pay the *debt of another*, but a *debt of his own*. And if the original signers, *Jeremy* and *Samuel*, had paid the note the next day after the defendant had signed it, they could, upon the evidence before us, maintain an action against the present defendant, and compel him to reimburse to them the amount so paid.

We are of opinion that the evidence which was rejected, ought to have been admitted—and accordingly the nonsuit must be set aside and the cause stand for trial.